UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENRY HENCE,

    Plaintiff,

v

MARY BERGHUIS, et al.,

    Defendants.

_____/

Case No. 1:08-cv-1231

HON. JANET T. NEFF

## OPINION AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Defendants filed a motion for summary judgment on January 12, 2010 (Dkt 54). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R), recommending that Defendants' motion be granted in part and denied in part (R & R, Dkt 71). The matter is presently before the Court on Plaintiff's Objections to the Report and Recommendation (Pl. Obj., Dkt 74), Defendants' Objections to the Report and Recommendation (Def. Obj., Dkt 73) and Plaintiff's Response to Defendants' Objections (Pl. Resp., Dkt 77).[1] In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

---

[1]Plaintiff has also filed Plaintiff's Corrections to Plaintiff's Response to Defendants' Objection (Dkt 78), which the Court has considered in its review.

1

A. Defendants' Objection

Defendants assert that the Magistrate Judge erred in finding that a genuine factual issue exists as to the objective element of Plaintiff's Eighth Amendment claim based on his exposure to toxic paint fumes (Dkt 73 at 1-2, Dkt 71 at 9-12). Defendants point to evidence that two days after painting was completed, Plaintiff "reported his symptoms as headaches, burning sensation in his eyes and pain in his liver" and assert that "[w]ith the exception of the burning sensation in his eyes, Plaintiff had been experiencing these medical symptoms for months prior to the painting project" (Dkt 73 at 2). Defendants also indicate that Plaintiff has a pre-existing liver condition that Plaintiff has acknowledged as the cause of his liver pain (*id.*). Defendants assert that Plaintiff has not presented evidence, other than his own opinion, that the paint fumes "caused any serious medical problem or exacerbated a preexisting condition" and conclude that the "temporary burning sensation in his eyes, without more, fails to meet the objective element" of his claim (*id.*).

Defendants' objection is without merit. The Magistrate Judge considered Defendants' argument as to the preexisting respiratory difficulties and found that Plaintiff's history of respiratory irritation strengthened Plaintiff's claim that the conditions to which he was exposed created a risk that society chooses not to tolerate (Dkt 71 at 11). The Magistrate Judge also considered additional evidence supporting Plaintiff's claim that exposure to paint fumes caused his medical problems, including: (1) a copy of a Material Safety Data Sheet detailing the negative effects of inhalation of the paint fumes; (2) an affidavit submitted by Plaintiff detailing the effects he suffered after exposure to the paint; and (3) affidavits from several other prisoners claiming to have suffered adverse effects after inhaling the paint fumes (Dkt 71 at 11-12). In light of this evidence, the Magistrate Judge's conclusion that a genuine issue of fact exists was proper. Defendants' objection is denied.

B. Plaintiff's Objections

Plaintiff objects to the Magistrate Judge's finding that Defendants should be granted summary judgment of Plaintiff's retaliation claim (Dkt 74 at 2). Plaintiff asserts that the Magistrate Judge erred in finding that (1) Plaintiff had not demonstrated that he suffered an adverse action that would deter a person of ordinary firmness from engaging in protected conduct and (2) Plaintiff had failed to establish that the adverse action was motivated by the protected conduct.

i. Adverse Action

Plaintiff asserts that two undisputed factual allegations in the Complaint support his claim that he has suffered an adverse action (*id.* at 2-5). First, Plaintiff points to the fact that he is a practicing Buddhist and asserts that it was foreseeable that as a result of his transfer to Muskegon Correctional Facility (MCF), he would be unable to practice his religion because MCF does not "accommodate Buddhist[s] by holding services and by serving straight vegan meals" (Dkt 74 at 3). Plaintiff supplements his claim with new factual assertions that, during the five months when he was at MCF, he lost 23 pounds and was very hungry (*id.*). Second, Plaintiff points to the fact that, as a result of the transfer, he lost his prison job (*id.*). Plaintiff alleges that it took him three months to obtain another job, at substantially less pay, and that this reduction in income "severely impaired his ability to access the courts" (*id.*). To support his argument that the fear of retaliatory transfer would deter people of ordinary firmness, Plaintiff points to a list of fellow prisoners that he claims are afraid to file grievances (Dkt 74 at 5).

Plaintiff's objection is without merit. Plaintiff's new factual allegations and conclusory statements are unpersuasive. The Magistrate Judge properly concluded that Plaintiff had failed to

3

demonstrate that he suffered foreseeable consequences sufficient to constitute an adverse action (Dkt 71 at 15). Plaintiff's objection is, therefore, denied.

ii. Causal Connection

Next, Plaintiff asserts that the Magistrate Judge erred in finding that Plaintiff had failed to establish the necessary causal connection between the protected conduct and the allegedly adverse action (Dkt 74 at 6-10). First, Plaintiff asserts that the Magistrate Judge erred in concluding that Plaintiff has presented no evidence to dispute Defendant Berghuis' assertion that Plaintiff was transferred because of bed space issues (Dkt 74 at 6-7, Dkt 71 at 16). Plaintiff asserts that he has presented supporting evidence in the form of statements from other inmates indicating that Plaintiff's bunk was empty for three days after he was transferred (Dkt 74 at 6). Plaintiff argues that because Defendants have not denied that his former bunk was empty for three days, the "claim that the transfer was for needed bed space, is proven to be false" (*id.* at 7). However, the statements on which Plaintiff relies indicate that Plaintiff was transferred on a Friday and his former bunk was filled the following Monday (Dkt 63, Att. 3 at 7). The fact that the bunk remained open over the weekend is not sufficient, in and of itself, to establish the falsity of the Defendant's claim. Plaintiff has failed to point to any additional evidence to support his assertion that the lack of bed space claim was a pretext for a retaliatory transfer.

Plaintiff further asserts that the Magistrate Judge erred in finding that the chronology of events is an insufficient basis from which to infer retaliation (Dkt 74 at 6-7, Dkt 71 at 16). Plaintiff alleges that the Magistrate Judge misunderstood Plaintiff's claim to be that the transfer was in retaliation for the initial filing of the grievance, when in fact Plaintiff was asserting that the retaliation was triggered when Defendant Berghuis became aware of the grievance (Dkt 74 at 7).

4

Plaintiff contends that he was transferred on two occasions within days of second step grievance appeals reaching Defendant Berghuis' office and restates his argument that the transfer was unusual and hurried and that other prisoners have been transferred after filing grievances and suits (Dkt 74 at 8-10). Plaintiff notes that the Sixth Circuit Court of Appeals has held that "temporal proximity alone *may be* 'significant enough to constitute indirect evidence of a causal connection so as to create an inference of retaliatory motive.'" *Muhammad v. Close*, 379 F.3d 413, 417-18 (6th Cir. 2004) (emphasis added).

However, the Sixth Circuit has also emphasized that the particular facts of the case are important to the assessment. *See Vereecke v. Huron Valley School District*, 609 F.3d 392, 401-02 (6th Cir. 2010). The Court has observed that "'temporal proximity alone will not support an inference of retaliatory discrimination when there is no other compelling evidence.'" *Imwalle v. Reliance Medical Products, Inc.*, 515 F.3d 531, 550 (6th Cir. 2008) (quoting *Nguyen v. City of Cleveland*, 229 F.3d 559, 566 (6th Cir. 2000)). Here, the Magistrate Judge properly noted that Plaintiff was transferred before Defendants were aware of Plaintiff's lawsuit and long after he initiated the grievance in question. Plaintiff's objection is, therefore, denied.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997) (overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 210-11 (2007)).

Therefore:

**IT IS HEREBY ORDERED** that the Defendants' Objections (Dkt 73) and Plaintiff's Objections (Dkt 74) are DENIED and the Report and Recommendation (Dkt 71) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (Dkt 54) is GRANTED IN PART and DENIED IN PART; Defendants' Motion is **granted** as to Plaintiff's retaliation claim and **denied** as to Plaintiff's Eighth Amendment claim based on exposure to paint fumes.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of this Opinion and Order would not be taken in good faith.


Dated: March 15, 2011                                    /s/ Janet T. Neff
                                                         JANET T. NEFF
                                                         United States District Judge